**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TODD R. EPPING,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-323-Orl-31KRS**

**OUTDOOR LIVING POOL & PATIO and**
**BRUCE MACFARLANE,**

        **Defendants.**
_____

## ORDER

This matter came before the Court *sua sponte* and upon consideration of the Court's Order to Show Cause (Doc. 20), and Plaintiff's response to the Order to Show Cause (Doc. 22).

On April 9, 2009, the Court issued its Order to Show Cause (Doc. 20), directing Plaintiff to show cause why sanctions should not be imposed for the failure to timely file Answers to the Court's Interrogatories. In response to the Court's Order to Show Cause, Plaintiff's counsel, E. Nannette Piccolo, represented to the Court that Plaintiff's failure was the result of the response date being "inadvertently mis-calendared" by counsel (Doc. 22, ¶ 2).

Unfortunately, this is not the first time that Ms. Piccolo has been the recipient of an Order to Show Cause. A cursory review of the Middle District of Florida's docket reveals that, since January 1, 2009,[1] Ms. Piccolo has received no fewer than fifteen (15) Orders to Show Cause or

---

[1] Prior to January 1, 2009, Ms. Piccolo was, *inter alia*, fined $850.00 as sanction for altering a declaration after it had been verified and then submitting it to the Court. *See Cunningham v. Senez Roofing, LLC*, Case No. 6:08-CV-1648 (M.D. Fla. 2008) (Doc. 33) (in his sanction Order, Judge Baker further admonished Ms. Piccolo that any "future filings of knowingly false declarations in any

Orders "Directing Compliance."[2] Most of these Orders to Show Cause appear to stem from a failure to abide by the Court's deadlines, Scheduling Orders or the Federal Rules of Civil Procedure.[3]

Since January 20, 2009, Plaintiff's law firm, Morgan & Morgan, P.A., has been subject to ongoing periodic review by Order of the Court. *See In re FLSA Cases*, Case No. 06:08-MC-49 (M.D. Fla. 2008) (Doc. 38). Pursuant to that Order, Morgan & Morgan "shall file quarterly reports" with the Court detailing its efforts to remedy the "extraordinary number of show cause orders," *In re FLSA Cases* (Doc. 32 at 1), that had been issued to plaintiffs' counsel in FLSA cases brought by Morgan & Morgan.

Morgan & Morgan filed its first quarterly report – in an unsigned document that was filed three days after the Court's deadline – on April 2, 2009. *Id.* (Doc. 41). Although three of the six Morgan & Morgan attorneys who routinely bring FLSA cases in this Court reported that they had not been issued any Orders to Show Cause between January 1, 2009 and March 31, 2009, it was reported that Ms. Piccolo had been issued three Orders to Show Cause. *Id.* (Doc. 41). In reviewing the Middle District's docket, however, the Court found at least two Orders to Show

---

case in this Court **will** result in referral to The Florida Bar").

[2] While certain Judges within the Middle District may prefer the nomenclature "Order Directing Compliance" to "Order to Show Cause," however labeled, both Orders are issued for the "purpose of admonishing an attorney's deficiency, oversight and/or incompetence." *See In re FLSA Cases*, Case No. 06:08-MC-49 (M.D. Fla. 2008) (Doc. 32 at 14).

[3] At least two recent Orders, however, stem from possible material misrepresentations to the Court and have necessitated pending evidentiary hearings. *See Landis v. Direct Wireless Enters., Inc.*, Case No. 6:08-CV-1603 (M.D. Fla. 2008) (evidentiary hearing set for May 20, 2009 before Judge Kelly); *De Lotta v. Dezenzo's Italian Rest., Inc.*, 6:08-CV-2033 (M.D. Fla. 2008) (evidentiary hearing set for June 5, 2009 before Judge Spaulding).

Cause that were issued to Ms. Piccolo between January 10, 2009 and March 31, 2009 that were omitted from Morgan & Morgan's April 2, 2009 report. *See*, *e.g.*, *Mouhourtis v. AGR Group, LLC*, Case No. 8:08-CV-1872 (M.D. Fla. 2008) (Doc. 13); *Wotherspoon v. Southwest Recycling of Pasco, LLC*, Case No. 8:08-CV-2054 (M.D. Fla. 2008) (Doc. 10).[4] Needless to say, these omissions are significantly troubling to Court.

Notwithstanding the omissions in Morgan & Morgan's April 2, 2009 report, two of the Orders to Show Case that were issued to Ms. Piccolo and included in Morgan & Morgan's report were the result of dates being "inadvertently mis-calendared." *Id*. (Doc. 41 at 2). While Morgan & Morgan represented in its report that this "mis-calendaring" issue had "since been corrected and the mistake was noted and addressed by Richard Geller, the division head," *Id*. (Doc. 41 at 2), Ms. Piccolo now represents that she has, once again, "mis-calendared" a deadline (Doc. 22, ¶ 2).[5] Contrary to Morgan & Morgan's assurances, this "mis-calendaring" issue clearly has not been corrected.

---

[4] Apart from these two Orders to Show Cause, at least four Orders "Directing Compliance" that were issued to Ms. Piccolo between January 10, 2009 and March 31, 2009 also appear to have been omitted from Morgan & Morgan's April 2, 2009 report. *See Benzinane v. Scholastic Book Fairs, Inc.*, Case No. 6:08-CV-1592 (M.D. Fla. 2008) (Doc. 19); *McFarr v. Blue Martini Orlando, LLC*, Case No. 6:08-CV-2063 (M.D. Fla. 2008) (Doc. 6); *Ramos v. Pancho's Spanish Bakery & Deli*, Case No. 6:08-CV-2064 (M.D. Fla. 2008) (Doc. 9); *Archila v. J & D Welding, Inc.*, 6:09-CV-48 (M.D. Fla. 2009) (Doc. 7). To clarify any ambiguity that may have existed in this Court's prior Order, the Court will enter a separate Order to clarify that all Orders "Directing Compliance" must be included in all future reports.

[5] In addition to the Show Cause Order issued in this case, on April 9, 2009 Judge Lazzara also issued a Show Cause Order to Ms. Piccolo for her failure to timely fail a Case Management Report. *See Smith v. Blue Septic Tank Serv., Inc.*, Case No. 08:08-CV-2507 (M.D. Fla. 2008) (Doc. 14). In that case, Ms. Piccolo also represented to the Court that she had "mis-calendared" the deadline. *Id*. (Doc. 16).

Despite the Court's previous efforts to eliminate the foregoing pattern of noncompliance, Ms. Piccolo and Morgan & Morgan do not appear to have received the message. Accordingly, it is **ORDERED** and **ADJUDGED** that by no later than June 5, 2009:

    1. Attorney E. Nannette Piccolo shall show cause, in writing, why she should not be subject to sanctions for:

>    a. Continuing noncompliance with the Court's deadlines and Scheduling Orders;
>
>    b. Continuing representations to the Court that prior "mis-calendaring" problems have been corrected when, in fact, such "mis-calendaring" problems have still not been corrected; and
>
>    c. Omitting at lease two Orders to Show Cause from Morgan & Morgran's first quarterly report on Orders to Show Cause.

    2. The law firm of Morgan & Morgan shall show cause, in writing, why it should not be subject to sanctions for:

>    a. Failing to timely file its first quarterly report on Orders to Show Cause in contravention of this Court's January 20, 2009 Order;
>
>    b. Failing to sign its first quarterly report on Orders to Show Cause;
>
>    c. Omitting certain Orders to Show Cause, including at least two Orders to Show Cause issued to Ms. Piccolo, from its first quarterly report on Orders to Show Cause; and
>
>    d. Still failing to take appropriate steps to eliminate the issuance of Orders to Show Cause and Orders Directing Compliance to its FLSA attorneys.

    3. The law firm of Morgan & Morgan shall file a signed, amended first quarterly report that includes *every* Order to Show Cause, Order Directing Compliance, or substantially similar Order issued as result of one of its attorney's deficiencies, oversights or incompetence, that was

issued between January 10, 2009 and March 31, 2009 in any FLSA case in any division of the Middle District of Florida.

It is **FURTHER ORDERED** that the Clerk of the Court shall docket this Order in Case No. 6:08-MC-049-GJK and ensure that notice of same is provided to H. Scott Bates and Richard Bernard Celler of Morgan & Morgan, P.A.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 19, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE