**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TODD R. EPPING,**

             **Plaintiff,**

**-vs-**                                              Case No. 6:09-cv-323-Orl-31KRS

**OUTDOOR LIVING POOL & PATIO and**
**BRUCE MACFARLANE,**

             **Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Outdoor Living Pool & Patio and Bruce MacFarlane ("Defendants"), Motion to Dismiss (Doc. 19) and Supplemental Motion to Dismiss (Doc. 23) (the "Motions" or "Motions to Dismiss"), and Plaintiff's, Todd R. Epping ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 27).

**I. Procedural Posture**

Plaintiff brought this Fair Labor Standards Act ("FLSA") suit on February 19, 2009, alleging, *inter alia*, that Defendants failed to pay Plaintiff all of his wages during the past three years (Doc. 1). Defendants filed their Answer on April 1, 2009 (Doc. 21) and have since moved to dismiss the Complaint (Docs. 19 and 23). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

**III. Analysis**

In their Motions, Defendants do not contend that Plaintiff has failed to state a claim upon which relief can be granted; instead, Defendants argue that Plaintiff's Complaint should be dismissed (or, in the alternative, stricken) because:

> 1. Plaintiff failed to timely file his Answers to Court Interrogatories as required by the Court's Scheduling Order (Doc. 19 at 2);
>
> 2. Plaintiff failed to timely produce all documents in his "possession, custody or control that support or relate to the time periods or unpaid wages claimed in response to the Court Interrogatories" as required by the Court's Scheduling Order (Doc. 19 at 2); and
>
> 3. Plaintiff's untimely Answers to Court Interrogatories (Doc. 21) fail to provide, *inter alia*, complete and adequate answers or an accounting of the amounts of pay Plaintiff has received, and are otherwise contradicted by Plaintiff's other answers (Doc. 23 at 3 – 4).

In light of the foregoing discovery issues, Defendants argue that Plaintiff has filed the instant case "to engage in a fishing expedition to determine whether he 'might' be owed some money" (Doc. 23 at 4).[1] Defendants therefore contend that the Complaint should be dismissed.

In his response, Plaintiff argues that the Complaint clearly states a claim for relief under the FLSA and should not be dismissed because of an inadvertent failure to comply with the Court's Scheduling Order (Doc. 27). Plaintiff further contends that a dismissal would be "patently unfair" and "grossly unjust" in light of similar cases involving a party's failure to timely provide discovery (Doc. 27 at 5, citing, *inter alia*, *McDowell v. Greener Image, Inc.*, Case no. 06-CV-80636, 2007 WL 842769, at *1 (S.D. Fla. 2007)).

---

[1] Defendants have also filed a Motion for Sanctions pursuant to FED. R. CIV. P. 11 in which they contend that Plaintiff's counsel, Nannette Piccolo, has made deliberate misrepresentations to the Court, made allegations unsupported by the facts or law, or failed to conduct any pre-suit investigation prior to filing suit (Doc. 28 at 1). The Court will address Defendants' Motion for Sanctions (Doc. 28) in a separate Order.

Upon review, the Complaint states a claim for relief under the FLSA. Assuming, as the Court must on a motion dismiss, that the factual allegations in Plaintiff's Complaint are true, Plaintiff has clearly provided Defendants with adequate notice of his claims. Although the Court may share Defendants' concerns regarding the failure of Plaintiff's counsel to timely comply with the Court's Scheduling Order, Plaintiff's Answers to the Court's Interrogatories, and a possible failure to conduct an appropriate pre-suit investigation in this case, those concerns do not warrant a dismissal of Plaintiff's Complaint. *See*, *e.g.*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (noting that dismissal is only appropriate as a sanction of "last resort" when "less drastic sanctions" will "not ensure compliance with the court's orders") (citations and quotations omitted). Accordingly, Defendants' Motions to Dismiss will be denied.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that Defendants' Motions to Dismiss (Docs. 19 and 23) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 20, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE