# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TODD R. EPPING,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-323-Orl-31KRS**

**OUTDOOR LIVING POOL & PATIO and
BRUCE MACFARLANE,**

        **Defendants.**

_____

## ORDER

This matter came before the Court upon consideration of Defendants', Outdoor Living Pool & Patio and Bruce MacFarlane ("Defendants"), Motion for Sanctions Pursuant to Rule 11 (Doc. 28), and Plaintiff's, Todd R. Epping ("Plaintiff"), response in opposition thereto (Doc. 31). The Court conducted a hearing on Thursday, June 11, 2009.

During the hearing, Plaintiff's counsel admitted that the pre-suit investigation procedures articulated by Judge Spaulding – which the law firm of Morgan & Morgan has represented to the Court it would follow in all Fair Labor Standards Act suits in the Orlando Division of the Middle District Court – were not followed in this case. More troubling, though, is that Plaintiff's counsel further admitted that no meaningful pre-suit investigation was conducted in this case. Notwithstanding Plaintiff's counsel failure to conduct a pre-suit investigation, Plaintiff's counsel contended that he would nevertheless still have brought the instant suit despite knowing what he presently knows about Plaintiff's claims and his potential status as an independent contractor.

Irrespective of whether Plaintiff is ultimately found to be an independent contractor under the Fair Labor Standards Act, the Court has serious concerns about the lack of any meaningful pre-suit investigation being conducted in this case. Indeed, the process of contacting the employer before filing suit will be futile (as Plaintiff's counsel contends) if Plaintiff's counsel has not first made a reasonable effort to investigate and corroborate his client's allegations. Here, for example, a reasonable pre-suit investigation would have at least revealed the numerous communications between the parties that raised, *inter alia*, Plaintiff's potential status as an independent contractor.

Notwithstanding the foregoing, the Court is not prepared to rule on Defendants' Motion for Sanctions Pursuant to Rule 11 at this time. Accordingly, Defendant's Motion for Sanctions Pursuant to Rule 11 will be denied without prejudice. Defendants may re-file their motion once a full factual record is developed in this case.

Based on the preceding, it is **ORDERED** that of Defendants', Outdoor Living Pool & Patio and Bruce MacFarlane ("Defendants"), Motion for Sanctions Pursuant to Rule 11 (Doc. 28) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 15, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE